ALD-172                                                           NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 25-1730
_____

MARK WOODS,
Appellant

v.

WARDEN CANAAN USP

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:24-cv-01833)
District Judge:  Honorable Mitchell S. Goldberg

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6

June 26, 2025

Before:  BIBAS, PORTER, and MONTGOMERY-REEVES, <u>Circuit Judges</u>

(Opinion filed: August 6, 2025)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Mark Woods appeals the District Court's order denying and dismissing his habeas petition filed pursuant to 28 U.S.C. § 2241 with prejudice. For the reasons that follow, we will summarily affirm the District Court's order.

In 2018, Woods, a federal prisoner, was sentenced to life plus 180 years in prison after being convicted of, inter alia, conspiracy to commit Hobbs Act robbery, kidnapping, carjacking, and firearm charges. His pro se direct appeal is pending. See C.A. No. 19-1002.

In April 2024, Woods filed a § 2241 habeas petition claiming that the District Court lacked jurisdiction to try him because, at the time of trial, he had a pending appeal of the denial of a pre-trial § 2241 petition. Woods sought release from prison. The District Court determined that Woods's claim should be brought in a motion filed pursuant to 28 U.S.C. § 2255. By orders entered May 13 and May 16, 2024, the Court directed its Clerk to send Woods the standard form for filing a § 2255 motion, directed Woods to complete the form within 30 days, and stated that if he failed to do so, his case may be dismissed. Woods did not file a § 2255 motion and instead filed a notice of appeal.

On appeal, we observed that, "[a]lthough the District Court did not expressly dismiss Appellant's habeas petition pursuant to § 2241, it has effectively done so by precluding him from proceeding absent the filing of a § 2255." We then summarily affirmed the District Court's orders to the extent that it held that Woods could not pursue his claim in a § 2241 petition. See C.A. No. 24-2262. Citing our mandate, the District

Court thereafter formally denied and dismissed the § 2241 petition with prejudice by order entered April 3, 2025. Woods filed another notice of appeal from that order.

Summary action is appropriate if there is no substantial question presented in the appeal. See 3d Cir. L.A.R. 27.4 (2011). As described above, we have already determined that Woods may not bring his claim in a § 2241 petition. The District Court did not err in following our mandate and denying and dismissing the § 2241 petition with prejudice.

For the above reasons, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6. Woods's "Motion for Summary Vacating" is denied.